NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAW OFFICES OF FREDERICK F. TAYLOR PC,
*Plaintiff/Appellee*,

*v.*

JULIE MIZELL, *Defendant/Appellant*.

No. 1 CA-CV 25-0879

FILED 07-29-2026

Appeal from the Superior Court in Maricopa County
No.  CV2023-092023
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Julie Mizell, Lake Forest, California
*Defendant/Appellant*

Frederick Taylor, Mesa
*Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Andrew J. Becke and Judge James B. Morse Jr. joined.

**T H U M M A**, Judge:

¶1        Julie Mizell appeals from an order denying her motion to vacate a writ of garnishment in favor of the Law Office of Frederick F. Taylor PC (Taylor). Because Mizell has shown no error, the order is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In May 2023, Taylor filed this action against Mizell and Gage Mathers Law Firm, PLLC, to collect unpaid legal fees for services performed, alleging express contract claims, arising out of contingent and hourly fee agreements, and seeking equitable relief including quantum meruit. In September 2023, Taylor filed a verified application seeking a provisional writ of garnishment without notice, expressing concern that Mizell would secret funds Taylor was seeking to recover. *See* Ariz. Rev. Stat. (A.R.S.) § 12-2402(A)(1) (authorizing provisional remedies without notice) (2026).[1] The court granted the request, finding Taylor had shown a likelihood that Mizell would try to prevent Taylor from collecting any judgment against her. The court issued a writ against Gage Mathers garnishing any funds it held on behalf of Mizell up to $42,493.21, the amount Taylor claimed. Taylor deposited the required bond with the court. *See* A.R.S. § 12-1573.

¶3        Later in September 2023, Mizell moved to quash the writ of garnishment. After oral argument, the court denied the motion, finding Taylor had shown probable cause to believe its claim was valid and met the statutory requirements for the writ. A.R.S. § 12-2410(D). The court later dismissed Gage Mathers as a defendant, finding the firm had no interest in the funds Taylor was seeking. Gage Mathers then interpled the funds it held, depositing more than $45,000 with the clerk of court.

¶4        In January 2025, when discovery revealed no signed written contingent fee agreement, the court granted summary judgment for Mizell on the contingent fee contract claim. *See Levine v. Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.*, 244 Ariz. 234, 237-38 ¶ 11 (App. 2018). The court found disputed issues of material fact precluded summary judgment on Taylor's other claims. The superior court later noted that a "remaining question" included whether Taylor and Mizell had "entered into a valid agreement that would allow [Taylor] to collect an hourly rate for the work."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

This court lacks appellate jurisdiction over that ruling, which is not part of this appeal.

**¶5** Meanwhile, Mizell filed several motions to vacate the writ of garnishment. As relevant here, in September 2025, Mizell moved to vacate the writ of garnishment, arguing it was procured through false sworn statements and that Taylor had failed to prosecute the case to judgment. In October 2025, the court denied that motion. This court has appellate jurisdiction over Mizell's timely appeal from that ruling under A.R.S. § 12-2101(A)(5)(c).

**DISCUSSION**

**¶6** Mizell's opening brief fails to comply with applicable rules for appellate briefs, including failing to provide "appropriate references to the portions of the record on which the appellant relies." ARCAP 13(a)(7); *see also In re Aubuchon*, 233 Ariz. 62, 64-65 ¶ 6 (2013). This failure is particularly significant given Mizell's reference to factual matters that do not appear in the record presented. In particular, Mizell's opening brief states that, when seeking the writ of garnishment, Taylor filed "an Affidavit asserting that he possessed a 'valid signed contingent-fee agreement.'" Taylor's filings seeking the writ, however, do not include such an affidavit making any such statement. Indeed, the record does not appear to contain any affidavit including such a declaration. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984) (noting this court is "not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims"). Given the lack of compliance with ARCAP 13(a)(7) in her opening brief, and her misrepresentation of the record in her opening brief, Mizell has waived her arguments on appeal.

**¶7** Mizell argues, for the first time on appeal, that the superior court erred in approving the interpleader by Gage Mathers. Mizell, however, failed to raise this argument with the superior court in her motion to vacate garnishment. By failing to first present this argument to the superior court, Mizell has waived the ability to press it on appeal. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011).

**¶8** Waiver notwithstanding, Mizell has not shown the superior court erred in denying her motion to vacate the writ of garnishment, a ruling this court reviews for an abuse of discretion. *See Silence v. Betts*, 258 Ariz. 84, 86 ¶ 7 (App. 2024).

¶9          Mizell first argues the writ of garnishment was void because the court granted her partial summary judgment on the contingent fee claim, meaning no lien (and no resulting writ) could properly exist. This argument, however, does not account for Taylor's hourly rate or quantum meruit claims, which remain pending and are not properly before this court in this appeal.

¶10         Mizell next argues that Taylor provided no evidence to establish the reasonable value of services provided or any benefit conferred. But Taylor provided to the superior court billing statements for legal work it alleges it performed for Mizell. That evidence supports Taylor's remaining claims.

¶11         Mizell next argues that "Arizona law prohibits issuing or maintaining a writ based on an unliquidated or disputed claim," citing *Gulf Homes, Inc. v. DM Fed. Credit Union*, 125 Ariz. 68 (App. 1979). *Gulf Homes*, however, does not stand for that proposition, addressing instead a garnishee's right to attorneys' fees. 125 Ariz. at 69. Moreover, on the record presented, Taylor applied for a provisional writ of garnishment, and the superior court properly found Taylor had shown probable validity of the claim and complied with garnishment statutes. A.R.S. § 12-2402(B) (requiring party seeking provisional remedies to establish sufficient facts to support the claim and entitlement to provisional remedy); A.R.S. §§ 12-2402(C)(1), -2410(C) (directing hearing on disputed request for provisional remedy to primarily address "[t]he probable validity of the claim or claims of the party seeking the provisional remedy"). Mizell has not shown that Taylor failed to comply with the statutory requirements in obtaining the writ nor that the superior court abused its discretion in not dissolving the writ after granting summary judgment for Mizell on Taylor's contingent fee claim.

¶12         Mizell's final argument is that Taylor has failed to "diligently litigate the claim[s] underlying [the] provisional remedy and to support the writ with truthful, accurate information." This, Mizell argues, violates A.R.S. § 12-1573. That statute sets forth the bonding requirements for a garnishment and resulting consequences depending upon the outcome of the case. *See* A.R.S. § 12-1573 ("Bond amount and conditions"). It also directs a party seeking a garnishment to "prosecute the action to effect." *Id.* The record presented indicates that Taylor has done so, including successfully defending against Mizell's motions, and that the court will hold a trial setting conference next month. Indeed, it appears that Mizell's filings addressing the same rulings, again and again, and recent unsuccessful motions regarding discovery and to stay the entire

proceeding, have slowed the final resolution of this matter. For these reasons, Mizell has not shown that Taylor has failed to litigate the underlying claim or otherwise violated A.R.S. § 12-1573.[2]

## CONCLUSION

**¶13**        The order denying Mizell's motion to vacate the writ of garnishment is affirmed. Mizell's request for costs is denied. Taylor's request for costs is granted under A.R.S. § 12-342, contingent on compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR

---

[2] Because Mizell has shown no error, this court need not address Taylor's argument that this appeal is barred by the law of the case, given the superior court denied her many previous attempts to quash the writ.